IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**COREY RASHAD MOORE**                                                                  **PLAINTIFF**

VS.                                                          CIVIL ACTION: 1:16cv70-LG-RHW

**D&D TOWE YARD**                                                                        **DEFENDANT**

## REPORT AND RECOMMENDATION

This *pro se* prisoner civil rights case came before the Court for a duly noticed *Spears*/omnibus hearing scheduled for Thursday, October 20, 2016 at 10:00 a.m., before United States Magistrate Judge Robert H. Walker at the United States Courthouse in Gulfport, Mississippi.  The docket reflects, and the Court finds that on August 24, 2016, the clerk provided proper notice of the hearing to Plaintiff by mailing notice to Plaintiff's address of record.  The notice [18] was returned to the Court as undeliverable [26] on September 1, 2016, and the Plaintiff did not appear for the hearing.  At the appointed time for the hearing, from the bench the undersigned called Plaintiff's name three times and received no response.  The Courtroom Deputy Clerk went into the hall outside the courtroom and called Plaintiff's name three times and received no response.

Plaintiff's last contact with the Court was on June 10, 2016.  [12]  From the docket it appears that Plaintiff has received no mail from the Court since July 19, 2016.  In addition to mail returned undeliverable on that date, mail addressed to the Plaintiff has also been returned undeliverable on five other occasions:  July 29, 2016, August 4, 2016, September 1, 2016, and September 8, 2016.  [19], [20], [26], [27], [28]  Since filing this action on February 26, 2016, Plaintiff has been repeatedly warned that his failure to advise the Court of a change of address might result in the dismissal of his case.  See orders entered February 29, 2016, April 21, 2016, May 18, 2016, June 2, 2016, June 15, 2016, and July 19, 2016.  [5], [6], [8], [11], [15], and [17]

The Court has the authority to dismiss an action for failure to prosecute and failure to comply with Court orders under Rule 41(b), FED.R.CIV.P., and under its inherent authority to dismiss the action *sua sponte*. See generally, *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30. Moore has failed to comply with the Court's orders. The undersigned is of the opinion that dismissal of this action is proper under Rule 41(b), FED.R.CIV.P. for Plaintiff's failure to prosecute and failure to comply with the orders of the Court. Under the Rule, "a district court may dismiss an action for failure to prosecute or for failure to comply with any court order." *Rice v. Doe*, 306 F. App'x 144, 145 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order).

## RECOMMENDATION

In light of Moore's failure to comply with the Court's orders to appear for the hearing, and his failure to keep the Court apprised of his current address, the undersigned recommends that this case be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation, a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the Report and Recommendation. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. An opposing party has seven days

after being served with objections, to serve and file a response or to notify the District Judge he does not intend to respond to the objections.  Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      Signed, this the 20th day of October, 2016.

                                                /s/ *Robert H. Walker*
                                                ROBERT H. WALKER
                                                UNITED STATES MAGISTRATE JUDGE